IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANICE McCALL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-2000-M |
| | § | |
| SOUTHWEST AIRLINES CO., ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Defendant Southwest Airlines Co. ("Southwest"), joined by Defendant Southwest Airlines Pilots' Association ("SWAPA"), has filed a motion for a protective order and to limit discovery in this civil action brought by one of its pilots alleging breach of a collective bargaining agreement and breach of the duty of fair representation. At issue is whether plaintiff can discover information pertaining to the treatment of "similarly situated employees." Defendants contend that comparative employee information is not relevant to the determination of whether SWAPA breached its duty of fair representation and, even if plaintiff is entitled to such information, her discovery requests are overly broad. Plaintiff counters that comparative employee information is relevant to the claims and defenses made the basis of this suit. The parties have briefed their respective positions in a Joint Status Report filed on April 30, 2010, and the motion is ripe for determination.

Fed. R. Civ. P. 26(b)(1) provides, in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information

> need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). At the discovery stage, "relevance" is broadly construed. *See Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991). "[I]nformation is relevant if it encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Id., quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978) (internal quotations omitted).

In two prior opinions, the district judge determined that plaintiff has stated a "hybrid" claim against SWAPA for breach of the duty of fair representation and against Southwest for breach of a collective bargaining agreement arising out of a disciplinary matter involving plaintiff's failure to properly inspect and de-ice an airplane. *See McCall v. Southwest Airlines Co.*, 661 F.Supp.2d 647, 655 (N.D. Tex. 2009) *and McCall v. Southwest Airlines Co.*, No. 3-08-CV-2000, 2010 WL 145288 at *8 (N.D. Tex. Jan. 12, 2010). A union violates its duty of fair representation if its conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith. *McCall*, 661 F.Supp.2d at 654, *citing Vaca v. Sipes*, 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967). To establish that the union's actions were discriminatory, a plaintiff must show that the union treated her differently than other similarly situated union members.[1] *Barrington v. Lockheed Martin*, 483 F.Supp.2d 1154, 1166 (M.D. Fla.), *aff'd*, 257 Fed.Appx. 153 (11th Cir. 2007), *cert. denied*, 128 S.Ct. 2907 (2008); *see also McCall*, 661 F.Supp.2d at 654 ("A union must [ ] treat its members similarly."). An employer breaches a collective bargaining agreement when it terminates an

---

[1] Although Southwest argues that "a union has no obligation to treat similar grievances the same way," (*see* Jt. Stat. Rep. at 8), no authority is cited for this proposition. Moreover, such an assertion appears to be contrary to established Supreme Court precedent. *See McCall*, 661 F.Supp.2d at 654, *citing Vaca*, 87 S.Ct. at 917 (labor laws are designed to ensure that "similar complaints will be treated consistently").

employee without "just cause." *McCall*, 2010 WL 145288 at *8. Whether an employee was discharged for "just cause" may be inferred from evidence of company practice, treatment of similar employees, and other relevant factors. *See Guzman v. Safeway Stores, Inc.*, 530 F.Supp. 29, 33 (W.D. Tex. 1981), *citing Scott v. Anchor Motor Freight*, 496 F.2d 276, 281 (6th Cir. 1974), *cert. denied*, 95 S.Ct. 126 (1975). Because the treatment of similarly situated employees may have probative value in determining whether SWAPA breached its duty of fair representation and whether Southwest terminated plaintiff without "just cause," the court determines that comparative employee information is reasonably calculated to lead to the discovery of admissible evidence. *See* FED. R. CIV. P. 26(b)(1).

However, the court agrees with defendants that the discovery requests served by plaintiff are overly broad. Plaintiff is not entitled to documents dating back more than 30 years since SWAPA was formed. Rather, defendants will be required to produce responsive documents covering the last five years--from May 1, 2005 to the present. *See Beasley v. First American Real Estate Information Services, Inc.*, No. 3-04-CV-1059-B, 2005 WL 1017818 at *1 (N.D. Tex. Apr. 27, 2005) (Kaplan, J.) (noting that five-year period is a reasonable temporal restriction on discovery in a disparate treatment case under Title VII). Nor does the court accept plaintiff's argument that similarly situated employees include "all employees who engaged in alleged violations of similar severity . . . and all employees who received similar discipline." (*See* Jt. Stat. Rep. at 10). Instead, only pilots who filed a grievance with SWAPA after being disciplined by Southwest for endangering the lives of passengers and crew members, including failing to inspect or de-ice an aircraft, are "similarly situated employees" for discovery purposes.

For these reasons, Southwest's motion for protective order and to limit discovery [Doc. # 50] is granted in part and denied in part. Defendants shall produce responsive documents for similarly situated employees, as defined by this order, by **May 28, 2010**.

SO ORDERED.

DATED: May 7, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE